Singh v. Lynch

BIA
A098 479 800

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of Sepember, two thousand fifteen.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

RANJIT SINGH,
> *Petitioner,*

    v.                                    14-437
                                                   NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Genet Getachew, Brooklyn, NY.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant Attorney General; Jennifer Williams, Senior Litigation Counsel; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ranjit Singh, a native and citizen of India, seeks review of a January 22, 2014, decision of the BIA denying his motion to reopen proceedings. *In re Ranjit Singh*, No. A098 479 800 (B.I.A. Jan. 22, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). An alien seeking to reopen proceedings must move to reopen no later than ninety days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2).

Singh moved to reopen more than 120 days after his order of removal became administratively final. While a motion to reopen proceedings to apply for asylum is exempt from the filing deadline if it is based on changed

2

conditions arising in the country to which removal was ordered, 8 U.S.C. § 1229a(c)(7)(C)(ii), Singh expressly states that he is not applying for asylum. Further, he does not argue that he is eligible for any other exception to the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009)(noting that the 90-day filing deadline applies to "a motion to reopen in *any* case previously the subject of a final order of the Board," unless the movant is applying for asylum and can show materially changed country conditions (emphasis added)). Accordingly, the BIA did not abuse its discretion in denying Singh's motion as untimely.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3